(June 1, 1971)

█ Mitchell Metal & Mineral Corp., Appellant, v. Chas. Pfizer & Co., Inc., Respondent.— Order, Supreme Court, New York County, entered on October 29, 1970, denying plaintiff's motion for summary judgment and granting the defendant's cross motion for summary judgment unanimously modified, on the law, so as to deny defendant's cross motion for summary judgment and, as thus modified, the order is affirmed. Appellant shall recover of respondent $50 costs and disbursements of this appeal. In this action to recover damages for the alleged breach of contract by the defendant in failing to make deliveries under a purchase order calling for 66,000 pounds of nickel strip to be delivered during June, July and August of 1969, the defendant pleads, as an affirmative defense, that performance of the contract by it was impracticable in that its failure to deliver resulted solely from defendant's good faith compliance with National Production Authority Regulation 2 and the "set-aside" orders of the Business and Defense Services Administration of the United States Department of Commerce issued pursuant to such regulation. Both parties moved for summary judgment. Special Term denied plaintiff's application and granted defendant's. In granting summary judgment to defendant the court erred. This record discloses multiple issues of fact precluding summary disposition. We point to several: (1) Special Term itself stated that there was an issue as to whether the United States Government had taken control of virtually all nickel in the United States or there had been a set aside of 25% of producers' available monthly shipments; (2) the regulation relied upon by the defendant was promulgated on March 23, 1953. The contract was made in 1969. There is in issue whether the defendant could reasonably have foreseen the risk under said regulation and made provision in the contract for excusing performance. (See *Vernon Lbr. Corp.* v. *Harcen Constr. Co.*, 60 F. Supp. 555; *Inter-Coast S. S. Co.* v. *Seaboard Transp. Co.*, 291 F. 13, and cases therein cited); (3) another issue is whether, in any event, defendant should be excused for failing to make delivery during the months of June and July in view of the fact that the Government intervention is said to have applied only to August deliveries; (4) there is also the issue of possibility of performance by obtaining nickel in the world market; and (5) finally there is the issue of damages. The appeal from the order entered on the same date denying reargument is dismissed as not appealable, without costs and without disbursements. (See *Matter of Venice Amusement Corp.*, 14 A D 2d 742; *Psaroudis* v. *Psaroudis*, 30 A D 2d 841.) Concur — Capozzoli, J. P., Markewich, Nunez, McNally and Macken, JJ.